IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21872-KMM

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
BANK UNITED, F.S.B.,

    Plaintiff,

vs.

NATIONWIDE EQUITIES CORPORATION,

    Defendant.
                                    /

**ORDER GRANTING MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (ECF No. 10). Plaintiff filed a Response (ECF No. 18) and Defendant filed a Reply (ECF No. 22). The matter is now ripe for review. UPON CONSIDERATION of the Motion, Response, Reply, pertinent portions of the record, and being otherwise fully advised in the premises, the Court now GRANTS Nationwide's Motion to Dismiss.

**I.    BACKGROUND**

This case concerns a Mortgage Broker Agreement (the "Agreement") entered into between BankUnited, a bank in the business of funding mortgage loans, and Defendant Nationwide Equities Corporation ("Nationwide"), a corporation engaged in the business of processing, packaging, selling and servicing loans secured by real property. Compl. ¶¶ 5–7 (ECF No. 1). The Agreement "sets forth the terms and conditions, pursuant to which BankUnited would purchase and/or fund [mortgage] loans . . . processed, packaged and

submitted by Nationwide Equities." *Id.* at ¶ 7.  The parties included a forum-selection clause in the Agreement, which provides,

> [Nationwide] and BankUnited irrevocably consent to the exclusive jurisdiction of the state courts located in Dade County, Florida for resolution of disputes and specifically authorize venue for any proceeding arising from or in connection with this Agreement to be instituted and prosecuted in the circuit court in Dade County, Florida.

Def.'s Mot., at 3 (ECF No. 10).

In May 2009, the Office of Thrift Supervision closed BankUnited and appointed Plaintiff Federal Deposit Insurance Corporation as Receiver for Bank United, F.S.B. ("FDIC-R") as Receiver.[1]  Compl. ¶ 5 (ECF No. 1).  FDIC-R is empowered to sue and complain in any court of law pursuant to 12 U.S.C. § 1819.  *Id*.  When BankUnited closed, FDIC-R succeeded to all of its claims.  *Id*.

In May 2015 FDIC-R brought this action against Nationwide to recover losses caused by Nationwide's alleged breach of the Agreement with BankUnited.  *Id.* at ¶ 2.  Nationwide now argues that the forum-selection clause included in the Agreement warrants dismissal based on the doctrine of *forum non conveniens*.[2]  Def.'s Reply (ECF No. 22).

## II.   LEGAL STANDARD

A motion to dismiss for *forum non conveniens* is the appropriate means to enforce a valid forum-selection clause "if that clause requires the dispute to be litigated in a non-federal forum." *Pappas v. Kerzner Int'l Bahamas Ltd.*, 585 F. App'x 962, 964 (11th Cir. 2014) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 134 S. Ct. 568, 580 (2013)).  On a motion to dismiss based

---

[1] The Federal Deposit Insurance Corporation is an instrumentality of the United States, established under the Federal Deposit Insurance Act, and is appointed as receiver for insured depository institutions that have failed.  Compl. ¶ 5 (ECF No. 1); 12 U.S.C. §§ 1811-1835(a).
[2] Nationwide also contends that FDIC-R lacks standing.  The Court will not reach Nationwide's standing argument at this time, as the Court finds that the Complaint should be dismissed based on the doctrine of *forum non conveniens*.

2

on this doctrine, the Court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff," *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004), but "may consider matters outside the pleadings." *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000).

Generally, to obtain dismissal under the doctrine of *forum non conveniens*, the moving party must demonstrate that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014). However, the presence of a valid forum-selection clause changes the *forum non conveniens* analysis in a number of ways. *See Pappas*, 585 F. App'x at 964 (citing *Atlantic Marine*, 143 S. Ct. at 581-83).

Under the "modified version" of the doctrine, the plaintiff bears the burden of establishing that dismissal of the complaint is unwarranted. *Id.* (citing *Atlantic Marine*, 134 S. Ct. at 581-83). In addition, the district court "may weigh only public interest factors in determining if a plaintiff has met this burden" and thus the parties' private interests "merit no weight." *Id.*; *Vanderham v. Brookfield Asset Mgmt., Inc.*, No. 14-CV-23351-KMM, 2015 WL 1951538, at *2 (S.D. Fla. Apr. 21, 2015). These modifications are premised on the idea that the forum included in the contract is the "forum for which the parties bargained." *Atlantic Marine*, 143 S. Ct. at 581. Even so, a non-party to an agreement will also be bound to a forum-selection clause where the non-party is "'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1289 (11th Cir. 1998) (quoting *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) (citations omitted)). The practical result is that a valid forum-selection clause "should control except in

3

unusual cases." *Atlantic Marine*, 143 S. Ct. at 581-82.  Thus "[o]nly under extraordinary circumstances unrelated to the convenience of the parties" should the motion be denied.  *Id*.

## III. DISCUSSION

### A. The Forum-Selection Clause is Valid and Enforceable

Before the modified version of the *forum non conveniens* doctrine can apply, the Court must determine whether the forum-selection clause at issue is valid and enforceable.  *See Vanderham*, 2015 WL 1951538, at *3.  "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."  *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991)).  Enforcement of a forum-selection clause is unfair and unreasonable under the circumstances only when:

> (1) [the] formation [of the forum-selection clause] was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy.

*Lipcon*, 148 F.3d at 1296.

The Court concludes that enforcement of the forum-selection clause is neither unfair nor unreasonable.  First, FDIC-R does not dispute the validity of the forum-selection clause, and thus the Court sees no evidence that the clause at issue was the product of fraud or overreaching.  Further, the Court concludes that FDIC-R would neither be deprived of its day in court because of the inconvenience or unfairness of the chosen forum, nor that the law of that forum would deprive FDIC-R of a remedy.  The parties to the Agreement chose state court in Dade County, Florida as their forum of choice.  As FDIC-R points out in its Response, "Florida [state] law will

4

apply to this dispute regardless of whether this case is decided in state or federal court."  Pl.'s Resp., at 4 (ECF No. 18).  Finally, the Court finds that enforcement of the forum-selection clause would not contravene a strong public policy.  *See Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1262 (S.D. Fla. 2001) (stating that defendants have a "legitimate interest in limiting the fora in which they can be sued").  Accordingly, the Court finds that the forum-selection clause here is valid and enforceable.

### B.  Dismissal is Appropriate Based on the Doctrine of *Forum Non Conveniens*

As the Court finds that the forum-selection clause is valid and enforceable, the modified analysis of *forum non conveniens* set out in *Atlantic Marine* applies.  The Court must therefore first determine whether an adequate alternate forum is available.  *See GDG Acquisitions, LLC*, 749 F.3d at 1028.  To this point, FDIC-R contends that "[s]uits involving the FDIC-R are deemed to arise under the laws of the United States and, as such, this Court has original jurisdiction over matters involving the FDIC."  Pl.'s Resp., at 3 (ECF No. 18) (citing 12 U.S.C. § 1819(b)(2)(A)).  This, FDIC-R argues, renders state court an inadequate forum for its contract dispute.[3]  *Id.*

FDIC-R cites no authority for its argument.  This Court, moreover, finds no basis for the assertion.  While it is true that a valid forum-selection clause "is unrelated to the actual basis of federal subject matter jurisdiction," and thus the forum-selection clause at issue does not deprive

---

[3] FDIC-R's argument echoes that of the defendant in *Garza Aviation Services, LLC v. County of Yuma*.  There, the district court granted the plaintiff's motion to remand the case to state court despite the existence of federal question jurisdiction.  No. CV11-1762-PHX-DGC, 2011 WL 6012967, at *2 (D. Ariz. Dec. 2, 2011).  The plaintiff based its motion to remand on a forum-selection clause included in a contract with the defendant, which pointed to state court as the exclusive venue for any action between the parties.  *Id.*  The defendant, like the FDIC-R in this case, argued in part that "there is no basis to remand a case based on a forum-selection clause when the federal court has original jurisdiction."  *Id.*  The court noted that the defendant "cite[d] no authority in support of this argument" and remanded the case to state court based on the forum-selection clause.  *Id.* at *2, *5.

5

a federal court of jurisdiction over the matter, that truth does not render state courts devoid of such jurisdiction. *See Lipcon*, 148 F.3d at 1289 (citations omitted); *see also Central Contracting Co. v. Maryland Cas. Co.*, 367 F.2d 341, 345 (3d Cir. 1966) (stating that while a "forum-selection clause does not oust the jurisdiction of the courts; in effect it . . . constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction"). Further, as FDIC-R points out, "many of the party and third-party witnesses are located in Miami-Dade County, and a substantial portion of the actions giving rise to the FDIC-R's Complaint took place in Miami-Dade County." Pl.'s Resp., at 4 (ECF No. 18). Accordingly, the Court finds that the state court in Dade County is an adequate alternative forum.

Next, the Court must consider whether the relevant public interest factors weigh in favor of dismissal. *See GDG Acquisitions, LLC*, 749 F.3d at 1028. These factors include: "(a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized controversies decided at home; (c) the interest in having the trial of a diversity case in a forum that is at home with the law; and (d) avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy." *Barilotti v. Island Hotel Co.*, No. 13-23672-CIV, 2014 WL 1803374, at *6 (S.D. Fla. May 6, 2014) (citing *Atlantic Marine*, 143 S. Ct. at 582). The FDIC-R fails to address any of these public interest factors, and the Court does not find that these factors weigh against dismissal in this case.

Last, the Court concludes that FDIC-R can reinstate its lawsuit in state court without undue inconvenience or prejudice. FDIC-R attempts to argue that it would suffer prejudice by concluding, again, that this Court's original jurisdiction over the matter renders state court

unavailable. FDIC-R's conclusory statement warrants no merit, and, as discussed *supra*, state court in Dade County, Florida is an adequate and available alternative forum.

In sum, FDIC-R did not carry its burden of establishing that dismissal of the Complaint is unwarranted. Accordingly, the Court cannot ignore the valid forum-selection clause included in the Agreement that serves as the basis for FDIC-R's claims against Nationwide. This case does not present "extraordinary circumstances" which would render dismissal based on *forum non conveniens* inappropriate, and thus the forum-selection clause must control.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendant Nationwide Equities Corporation's Motion to Dismiss (ECF No. 10) is GRANTED.

The Complaint is DISMISSED. The Clerk of the Court is directed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  30th  day of November, 2015.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:   All counsel of record